

MICHAEL R. GRIFFINGER
Director

Gibbons P.C.
One Gateway Center
Newark, New Jersey 07102-5310
Direct: (973) 596-4701 Fax: (973) 639-6294
griffinger@gibbonslaw.com

**VIA ECF**

May 5, 2017

Honorable Brian R. Martinotti
United States District Judge
United States District Court for the District of New Jersey
402 East State Street, Room 341
Trenton, New Jersey 08608

Honorable Lois H. Goodman
United States Magistrate Judge
United States District Court for the District of New Jersey
402 East State Street, Room 341
Trenton, New Jersey 08608

> Re:  *In re Insulin Pricing Litigation*, No. 3:17-cv-00699;
> *Barnett v. Novo Nordisk, Inc. et al.*, No. 3:17-cv-01580;
> *Boss v. CVS Health Corp., et al.*, No. 3:17-cv-01823;
> *Christensen v. Novo Nordisk Inc., et al.*, No. 17-cv-02678

Dear Judge Martinotti and Magistrate Judge Goodman:

I write on behalf of the Insulin Manufacturers[1] in response to counsel's applications for appointment of interim lead counsel under Fed. R. Civ. P. 23(g)(3). The Insulin Manufacturers take no position on counsel's qualifications or the proposed leadership structure for the above-captioned matters. As discussed below, however, the Insulin Manufacturers support the *Barnett* and *Christensen* plaintiffs' proposal to require interim lead counsel to file a single consolidated amended complaint.

### I.   Plaintiffs' Conflicting Proposals For Litigating This Action

As noted in the Insulin Manufacturers' March 29, 2017 letter to the Court, all four actions filed to date involve overlapping factual allegations relating to the pricing of insulin products. (Dkt. #26.)[2] Each action asserts that the Insulin Manufacturers and three pharmacy benefit managers (the "PBMs") engaged in a purported "scheme" to increase the benchmark

---

[1] The Insulin Manufacturers are Defendants Novo Nordisk, Inc., Sanofi-Aventis U.S. LLC, and Eli Lilly & Company.

[2] Except as otherwise noted, all docket references are to *In re Insulin*, No. 3-17-cv-00699.

Honorable Brian R. Martinotti
Honorable Lois H. Goodman
May 5, 2017
Page 2

price of various insulin products, thereby increasing the prices paid by certain consumers. According to Plaintiffs, this purported "scheme" revolves around negotiated rebates paid by the Insulin Manufacturers to the PBMs. Each action seeks to represent the same class of individuals who purchased insulin at a price calculated by reference to a "benchmark" or "list" price.[3]

Notwithstanding the fact that the complaints rely on the same core allegations (and seek to represent the same putative class), Plaintiffs' counsel present sharply conflicting proposals for litigating this case. Specifically:

- The *In re Insulin* plaintiffs "believe the interests of the class are best served" by **not** naming the PBMs as defendants (Dkt. #49-1 at 13), even though they claim that the PBMs are part of the alleged RICO enterprises. Instead, they propose that the Court should "divide the case into two closely coordinated tracks—the drug manufacturer track and the PBM track." (*Id.*) With respect to legal claims, the *In re Insulin* plaintiffs contend that "violations of RICO and state consumer protection laws" are the "most viable." (*Id.*) They do not assert antitrust claims.

- In contrast to the *In re Insulin* plaintiffs, the *Barnett* and *Christensen* plaintiffs argue that interim counsel "should be selected based in large part on whether they will name the PBMs as defendants alongside the Insulin Manufacturers in a single, consolidated complaint that includes antitrust causes of action." (Dkt. #51 at 2.) According to those plaintiffs, "a *single* consolidated complaint will unify the plaintiffs' presentation to the court, eliminate the risk that multiple plaintiff groups will take inconsistent positions," and "reduce the sheer volume" of submissions to the Court. (*Id.* at 4.)

- Finally, the *Boss* plaintiffs argue that "the PBMs play a central role in the conspiracy and must be named as defendants" because they are "crucial drivers" and "gatekeepers" of insulin pricing. (Dkt. #50 at 1, 3.) Nevertheless, the *Boss* plaintiffs take no position on whether the PBMs and Insulin Manufacturers should be named in a single consolidated complaint. (*Id.*)

See Appendix A (summarizing differences between Plaintiffs' proposals).[4]

---

[3]   See Dkt. #18 ¶ 209; *Barnett* Dkt. #1 ¶ 151; *Boss* Dkt. #1 ¶ 204; *Christensen* Dkt. #1 ¶ 178.

[4]   Plaintiffs' failure to settle on a consistent theory for these cases is unsurprising. It arises from their inability to explain how the Insulin Manufacturers' unilateral and economically rational pricing decisions could form the basis of a plausible legal claim. Regardless of which legal theory Plaintiffs settle on and how their claims are organized, the complaints' many deficiencies are fatal to Plaintiffs' claims against both the Insulin Manufacturers and the PBMs.

Honorable Brian R. Martinotti
Honorable Lois H. Goodman
May 5, 2017
Page 3

### II. The Court Should Require Interim Lead Counsel To File A Single Consolidated Complaint.

The Insulin Manufacturers take no position on which of Plaintiffs' counsel should serve as interim lead counsel for the proposed class. As discussed below, however, the Insulin Manufacturers support the proposal to (i) consolidate all of the cases for pre-trial purposes and (ii) require interim lead counsel to file a single amended complaint.[5] By contrast, the *In re Insulin* plaintiffs' proposal to divide the cases into two tracks is unworkable.

Given the overlapping factual allegations and legal claims, the Insulin Manufacturers believe that a single consolidated complaint would promote judicial efficiency and reduce the risk of duplicative proceedings.

*First*, a single consolidated complaint would streamline motion to dismiss briefing. All four of the current complaints assert similar RICO and state consumer protection law claims, and three of the four complaints assert antitrust claims. The Insulin Manufacturers anticipate moving to dismiss these claims as legally deficient on various grounds. If Plaintiffs file a single amended complaint, all defendants will better be able to coordinate motions. Moreover, the Court will have only one complaint to analyze, not two 300-paragraph documents with slightly different allegations, organization, and emphases. *See Knox v. Samsung Electronics Am., Inc.*, 2009 WL 1810728, at *11 (D.N.J. June 25, 2009) (granting motion to consolidate to "prevent duplicative motion practice" and "avoid conflicting decisions of law on the same facts"). Indeed, the two-complaint approach injects the possibility of inconsistent outcomes and legal conclusions, which is exactly what consolidation is intended to avoid. *In re TMI Litig.*, 193 F.3d 613, 724 (3d Cir. 1999).

*Second*, if this case were to proceed beyond the pleadings stage, having two operative complaints would present significant case management challenges for the Court and the parties. The parties would need to file, and the Court would need to consider, separate motions for class certification and summary judgment addressing largely overlapping factual and legal issues. The cases would also involve separate expert reports and *Daubert* motions, even though many or all of the experts are likely to be the same in both cases. Such an approach will create needless hurdles to the efficient management of the litigation. These complications could be avoided if Plaintiffs are required to file a single consolidated action. *See In re Lucent Techs., Inc. Sec. Litig.*, 221 F. Supp. 2d 472, 482 (D.N.J. 2001) (pre-trial consolidation needed to prevent "risk of inconsistent adjudications"); *Romine v. Compuserve Corp.*, 160 F.3d 337, 341 (6th Cir. 1998) ("[T]he specter of judicial duplication of effort looms particularly ominously in the class action context, where the potential for inefficiency is acute.").

---

[5] PBM Defendants CVS Health Corporation, Caremark Rx, LLC, and Caremark Rx, Inc. likewise appear to support consolidating all actions for pre-trial purposes into a single case. (Dkt. #48.)

Honorable Brian R. Martinotti
Honorable Lois H. Goodman
May 5, 2017
Page 4

*Third*, the *In re Insulin* plaintiffs offer no explanation for why the two-track approach would benefit the parties, the Court, or the proposed class. Although the *In re Insulin* plaintiffs argue that the proposed class is best served by not bringing claims against the PBMs (Dkt. #49-1 at 13), the reality is that such claims have already been brought. Indeed, even under the *In re Insulin* plaintiffs' two-track proposal, the PBMs will be defendants in at least one of the actions. In light of the pending claims against the PBMs, there is no reason to maintain an artificial distinction between two complaints asserting virtually identical factual allegations and legal claims. Such an approach would lead to the inefficiencies described above without providing any countervailing benefit.

\*   \*   \*

For those reasons, the Insulin Manufacturers respectfully request that, following appointment of interim lead counsel, the Court (i) consolidate all of the cases for pre-trial purposes and (ii) require interim lead counsel to file a single amended complaint.

Sincerely,

Michael R. Griffinger

MRG/ss

Honorable Brian R. Martinotti
Honorable Lois H. Goodman
May 5, 2017
Page 5

## Appendix A

### Summary of Differences Between Plaintiffs' Applications

| Plaintiff | Position on Proposed Defendants | Proposed Claims | Position on Consolidation |
|---|---|---|---|
| *In re Insulin* plaintiffs | Insulin Manufacturers only | RICO and state consumer protection claims | There should be two separate complaints: one for the PBMs (directed by the *Boss* plaintiffs) and one for the Insulin Manufacturers (directed by the *In re Insulin* plaintiffs) |
| *Boss* plaintiffs | Insulin Manufacturers and PBMs | RICO, ERISA, federal antitrust, state consumer protection claims, fraud, and unjust enrichment | The PBMs should be named as defendants, but no position on whether there should be a single complaint or multiple complaints |
| *Barnett* and *Christensen* plaintiffs | Insulin Manufacturers and PBMs | Federal and state antitrust, RICO, and state consumer protection claims | There should be a single consolidated complaint with both the PBMs and Insulin Manufacturers as defendants |