



May 5, 2017

**VIA ECF**

The Honorable Brian R. Martinotti
The Honorable Lois H. Goodman
United States Magistrate Judge
Clarkson S. Fisher Federal Bldg. & U.S. Courthouse
402 E. State Street
Trenton, NJ 08608

Re:  *In re Insulin Pricing Litigation*, No. 3:17-cv-00699(BRM)(LHG)   ("*Insulin Pricing*")
 *Barnett v. Novo Nordisk Inc.*, *et al.*, No. 3:17-cv-1580(BRM)(LHG) ("*Barnett*")
 *Boss v. CVS Health Corp.¸ et al.*, No. 3:17-cv-01823(BRM)(LHG) ("*Boss*")
 *Christensen v. Novo Nordisk Inc., et al.,* No. 3:17-cv-02678(BRM)(LHG)("*Christensen*")

Dear Judges Martinotti and Goodman:

The four-firm team that filed *Barnett* and *Christensen* submits this reply in support of the application of Weitz and Luxenberg and Berman DeValerio ("the WL/BD Team") for designation as interim co-lead counsel under Fed. R. Civ. P 23(g).

The WL/BD Team has great respect for the lawyers of Hagens Berman Sobol Shapiro LLP ("Hagens") [1] and Keller Rohrback LLP ("Keller") who have submitted competing applications. As stated in our initial application, the WL/BD Team has no objection to working as co-lead counsel with these competing applicants if the Court determines that a hybrid leadership structure would be in the best interests of the class.

I.  **CONSOLIDATION**

As stated in our application, the WL/BD Team strongly believes that this litigation should be consolidated[2] into ***one case*** to maximize the benefits to the class, not parceled into subparts and

---

[1] Although Hagens Berman has submitted its interim lead application jointly with the Carella Byrne firm, in its communications with class members on its website, the Hagens firm states as follows: "As of right now, James Cecchi is local counsel for the patient-plaintiff class. However, because Hagens Berman Sobol Shapiro is lead counsel, our firm will be directing the course of this litigation."  Since Hagens describes itself as sole lead counsel in electronic communications with class members, we use the same description here and refer solely to the "Hagens application." See, https://www.hbsslaw.com/cases/insulin-overpricing/pressrelease/insulin-overpricing-insulin-manufacturers-hit-with-class-action-lawsuit-over-drug-price-inflation-scheme-and-rico-violations-time-to-break-up-the-insulin-racket last visited on May 2, 2017.

[2] Because the parties have addressed the issue of consolidation informally through correspondence, the WL/BD Team has not formally filed a motion to consolidate the cases.  We are willing to do so if the Court desires formal briefing.

The Honorable Brian R. Martinotti
The Honorable Lois H. Goodman
May 5, 2017
Page 2

divvied out to firms whose focus would only be on certain defendants or only on certain claims which are inextricably intertwined. And no applicant has provided a compelling rationale as to why the case should be artificially litigated and tried as separate cases when *every* plaintiffs' group has pleaded the participation of the same actors in the same scheme injuring the same categories of people.

## II.    INTERIM CLASS COUNSEL

In reviewing applications for lead counsel, the "work counsel has done in identifying or investigating potential claims" is a factor that the Court must evaluate under Rule 23(g)(1)(A)(i). And although the Hagens complaint correctly claims the "first-to-file" mantle, the WL/BD team notes that details matter — even if presentation of those details to the Court delays the submission of a properly pleaded complaint.

So for instance, failing to provide requisite detail understates the level of pricing misconduct engaged in by the defendants. The Hagens complaint, for example, pleads the gross level of rebates for particular manufacturers as a percentage of gross sales for that manufacturer *for all drugs*, and notes that the level of rebates that manufacturers are paying has increased to 35-45% of gross sales.[3] There is nothing misleading about this allegation. But it grossly understates the magnitude of "the Rebate Game"[4] as pleaded by the WL/BD Team *for specific relevant insulin products.* And so, where Hagens has identified the rebate payments that particular manufacturers have paid as a percentage of all of their products, the WL/BD Team has pleaded the specific increase of rebate percentage for the Eli Lilly product Humalog, ***which has exploded from 32% to 75% of gross sales*** in a little more than three years — ***these rebate percentage levels are nearly two times higher than those pleaded in the Hagen's Complaint*** and underscore the magnitude of the payoff made by the manufacturing Defendants to the PBM Defendants.

Similarly, the Hagens complaint pleads the *quid pro quo* nature of the rebate payments made by manufacturers to the PBMs in conclusory fashion. The WL/BD Team, by contrast, sets forth 36 paragraphs of detail on the *quid pro quo* nature of the rebate payments between the manufacturers and the PBMs, what each side gets out of the arrangement, and how the payments have caused insulin prices to skyrocket.[5]

It usually is not our custom to highlight these differences in complaints pled by competing applicants in a lead counsel application process. But the Hagens Team has suggested that the WL/BD Team has submitted a mere "copy" of the Hagens Complaint. To the contrary, the WL/BD Team undertook its own investigation into the claims. Neither the concept of the case nor its fact allegations were copied from Hagens. The WL/BD Team was not only the first to name the PBMs as defendants, but the WL/BD complaints present substantially greater detail on crucial issues that may play themselves out in dispositive motion briefing with the Defendants.

---

[3] *See In re Insulin Pricing* Amended Complaint, ¶¶ 186-189 (Figures 21; 23; and 25).

[4] For an excellent five minute video summary of "the Rebate Game" as it is pleaded in the WL/BD Team Complaint, see http://www.wtae.com/article/skyrocketing-insulin-prices-force-some-to-choose-between-medicine-and-food/9588176.

[5] *Christensen* Cmplt. ¶¶ 128-164.

The Honorable Brian R. Martinotti
The Honorable Lois H. Goodman
May 5, 2017
Page 3

With regard to naming the PBMs as defendants, it remains a mystery as to why Hagens has shown itself reluctant to pursue the PBMs as defendants on behalf of the class. Hagens' application cites only the firm's "experience" but avoids stating what about its experience makes them favor backing away from the PBMs. The WL/BD Team remains committed to pursuing all culpable entities to seek monetary recovery and injunctive relief for the class.

Lastly, the WL/BD Team has informed the Court of the lawyers who will be making the face-to-face presentations to this Court, in status conferences, motion hearings and trial, should the Court designate the WL/BD Team as interim lead counsel — three seasoned litigators with deep pharmaceutical experience, Ellen Relkin and Paul Novak (from Weitz & Luxenberg) and Todd Seaver (from Berman DeValerio). When selecting lead counsel, the Court has a right to know which counsel it may expect to ***actually perform the day-to-day litigation of the case*** in its courtroom and between court appearances.

The Hagens application identifies only *one* lawyer, Steve Berman, as its committed lawyer to this case.[6] However, he is currently designated personally as lead counsel in seven active class actions[7] and as an executive committee or steering committee member in three more.[8] Mr. Berman is also right now seeking his personal appointment as lead counsel of a nationwide consumer class in an antitrust class action against Qualcomm.[9] While Mr. Berman is undoubtedly a talented and ambitious lawyer, with him having made promises to ten (and counting) classes to personally lead their class cases, the Hagens application fails to explain how Mr. Berman will ***personally*** direct the litigation in this one. Consequently, the Court should give no weight to Mr. Berman's promise to personally handle this case.

Respectfully, the WL/BD Team renews its request that it be designated as interim lead counsel of a consolidated class action addressing the insulin pricing issues set forth in the cases pending before this Court pursuant to Fed. R. Civ. P 23(g)(3).

---

[6] Hagens application, p.8.

[7] *Rollolazo v. BMW of North America, LLC,* No. 16-cv-00966 (C.D. Cal.); *In re: Animation Workers Antitrust Litig.*, No. 14-cv-04062 (N.D. Cal.); *In re: NCAA Grant-in-Aid Cap Antitrust Litig.*, 14-md-2541 (N.D. Cal.); *In re: General Motors Ignition Switch Litig.*, No. 14-md-2543 (S.D.N.Y.); *In re: NCAA Student-Athlete Concussion Injury*, No. 13-md-2492 (N.D. Ill.); *In re: Lumber Liquidators Flooring Products Litig.,* 15-md-02627 (E.D. V.A.); *In re: MyFord Touch Consumer Litig.*, No. 13-cv-03072 (N.D. Cal.).

[8] *In re: Volkswagen Clean Diesel*, No. 15-md-02762 (N.D. Cal.); *In re: Fresenius Granuflo/Naturalyte*, No. 13-md-2428 (D. Mass.); *In re: FCA US LLC Monostable Electronic Gearshift Litig.*, No. 16-md-02744 (E.D. Mich.).

[9] *See In re Qualcomm Antitrust Litigation*, Master Case No. 17-md-2773 (N.D. Cali.), Motion to Appoint Interim Co-Lead Counsel, ECF No. 13 at 3-5.

The Honorable Brian R. Martinotti
The Honorable Lois H. Goodman
May 5, 2017
Page 4


Respectfully Submitted,

| ***BERMAN DEVALERIO*** | **WEITZ & LUXENBERG** |
| --- | --- |
| | *A New York Professional Corporation* |

By: */s/ Todd A. Seaver*  
    Todd A. Seaver

Todd A. Seaver (*pro hac vice*)
Jessica Moy (*pro hac vice*)
William O. Bass (*pro hac vice*)
44 Montgomery St., Ste. 650
San Francisco, CA 94104
Telephone: (415) 433-3200
Email: tseaver@bermandevalerio.com
       jmoy@bermandevalerio.com
       wbass@bermandevalerio.com

By: */s/ Ellen Relkin*  
    Ellen Relkin

Ellen Relkin (N.J. Attorney Bar #006691985)
220 Lake Drive East, Suite 210
Cherry Hill, NJ 08002
Telephone: (212) 558-5500
Email: ERelkin@weitzlux.com


By: */s/ Paul F. Novak*

Paul F. Novak (*pro hac vice*)
Diana Gjonaj (*pro hac vice*)
Gregory Stamatopoulos (*pro hac vice*)
719 Griswold, Ste. 620
Detroit, MI 48226
Telephone: (313) 800-4170
Email: pnovak@weitzlux.com
       dgjonaj@weitzlux.com
       gstamatopoulos@weitzlux.com

cc:    Counsel of Record (via ECF or email)