# CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.
## COUNSELLORS AT LAW

| | | | | |
|---|---|---|---|---|
| CHARLES C. CARELLA | JAMES T. BYERS | **5 BECKER FARM ROAD** | FRANCIS C. HAND | RAYMOND J. LILLIE |
| BRENDAN T. BYRNE | DONALD F. MICELI | **ROSELAND, N.J. 07068-1739** | AVRAM S. EULE | WILLIAM SQUIRE |
| PETER G. STEWART | A. RICHARD ROSS | **PHONE (973) 994-1700** | CHRISTOPHER H. WESTRICK* | STEPHEN R. DANEK |
| JAN ALAN BRODY | CARL R. WOODWARD, III | **FAX (973) 994-1744** | | DONALD A. ECKLUND |
| JOHN M. AGNELLO | MELISSA E. FLAX | www.carellabyrne.com | OF COUNSEL | MEGAN A. NATALE |
| CHARLES M. CARELLA | DAVID G. GILFILLAN | | | ZACHARY S. BOWER+ |
| JAMES E. CECCHI | G. GLENNON TROUBLEFIELD | | *CERTIFIED BY THE SUPREME COURT OF NEW JERSEY AS A CIVIL TRIAL ATTORNEY | MICHAEL CROSS |
| | BRIAN H. FENLON | | | CHRISTOPHER J. BUGGY |
| JAMES D. CECCHI (1933-1995) | LINDSEY H. TAYLOR | | | JOHN V. KELLY III |
| JOHN G. GILFILLAN III (1936-2008) | CAROLINE F. BARTLETT | | | MICHAEL A. INNES |
| ELLIOT M. OLSTEIN (1939-2014) | | | | +MEMBER FL BAR ONLY |

May 5, 2017

<u>VIA ECF</u>

The Honorable Brian R. Martinotti
United States District Judge
Clarkson S. Fisher Federal Bldg. & U.S. Courthouse
402 E. State Street
Trenton, NJ 08608

Re:   *In re Insulin Pricing Litigation*, No. 3:17-cv-00699(BRM)(LHG)
       *Barnett v. Novo Nordisk Inc.*, *et al.*, No. 3:17-cv-1580(BRM)(LHG)
       *Boss v. CVS Health Corp.¸ et al.*, No. 3:17-cv-01823(BRM)(LHG)
       *Christensen v. Novo Nordisk Inc., et al.,* No. 3:17-cv-02678(BRM)(LHG)

Dear Judge Martinotti:

This firm, along with our co-counsel, represents Plaintiffs in *In re Insulin Pricing Litigation*, No. 3:17-cv-00699(BRM)(LHG).[1] Please accept this letter brief in further support of Plaintiffs' request that this Court appoint Hagens Berman and Carella Byrne ("HB-CB") as interim co-lead counsel pursuant to Rule 23(g) and in response to the competing applications for appointment.

The competing applications confirm that HB-CB are the most qualified firms to serve as interim co-lead class counsel on behalf of Plaintiffs and the proposed class.

*First,* the HB-CB team has driven the development of this case and initiated this litigation. We have invested more than one year and significant funds developing the proposed class's claims. Our complaint was the first filed complaint, and served as the template for all subsequent complaints. The Weitz & Luxenberg and Berman DeValerio ("WL-BD") group's claim that its complaint was an original work is a gross exaggeration. Even a casual reader of our initial complaint (or amended complaint) can see their assertion is untrue. By way of example only, the WL-BD copycat complaints virtually duplicate the factual and legal allegations in the original HB-CB complaint. As courts have acknowledged, attorneys should not "rely solely upon the inquiry by a member of another law firm."[2] Therefore, when making lead counsel determinations "courts typically consider . . . whether one complaint is simply a 'copycat action'

---

[1] All co-counsel in *In re Insulin Pricing Litigation*, No. 3:17-cv-00699(BRM)(LHG) support the appointment of Hagens Berman and Carella Byrne as interim co-lead counsel pursuant to Rule 23(g). *See* Dkt. Nos. 52, 53, and 54, respectively.

[2] *Greenfield v. United States Healthcare*, 146 F.R.D. 118, 124, 1993 U.S. Dist. LEXIS 1011, *19 (E.D. Pa. 1993)

May 5, 2017
Page 2

of another."[3] Indeed, the Third Circuit discourages exactly these types of "copycat complaints" that "do not benefit the class, and are merely entrepreneurial efforts taken by firms attempting to secure lead counsel status."[4] As set forth more fully in our opening papers, HB-CB thoroughly researched the factual basis for this action, built relationships with the majority of named Plaintiffs, drafted legal claims based on relevant past litigation experience, and filed the first complaint. If the WL-BD group did indeed independently develop the claims in this case as they allege, it is unclear why they chose to copy the majority of HB-CB's complaint instead of writing their own.

*Second,* while the other applicants for interim lead counsel have respected practices and are certainly esteemed attorneys, the HB-CB team unquestionably has the greatest expertise in the specific area of drug pricing class actions, especially with respect to RICO claims. This team is the only one to have successfully tried similar claims against comparable defendants. *In re Pharmaceutical Industry Average Wholesale Price Litigation*, MDL No. 1456 (D. Mass.)). Indeed, the HB-CB team took up the insulin investigation because they realized that the industry dynamics at play in the *Average Wholesale Pricing* litigation of the 2000s[5]—cases which Hagens Berman led—are driving the rising cost of insulin. Our team alone has the expertise necessary to successfully and efficiently advance these claims in the best interests of the class.

In stark contrast to the HB-CB team, the expertise of the WL-BD team lies in other fields. Recognized success in one area does not demonstrate qualification in another. Put simply, the WL-BD group does not have the same experience or expertise in the specialized field of drug pricing litigation as the HB-CB team, and Rule 23(g) does not envision appointing counsel experienced in a disparate field instead of counsel with expertise in the arena at the heart of the action to the detriment of the putative class. As leaders in drug pricing class actions, and as pioneers of these related cases, the HB-CB team is best suited to serve as interim co-lead counsel.

*Third,* efficiency is an important concern in appointing class counsel. In an attempt to differentiate their complaint from *In re Insulin*, the WL-BD copycat complaints added the major PBMs as defendants. As WL-BD's Rule 23(g) application demonstrates, this maneuver was a transparent play to obtain appointment as lead counsel. The WL-BD application contends that their addition of the PBMs as defendants was valuable. However, our past experience with similar class actions has taught that trying claims against PBM defendants and drug manufacturer defendants in one action is inefficient and overcomplicates the matter. This ploy, of seeking to be lead counsel by challenging either the breadth of the claims asserted by the first-filing counsel or expanding the number of defendants, is often seen in class litigation and is routinely rejected. For example in the *In re: General Motors LLC Ignition Switch Litigation*, MDL No. 2543 (S.D.N.Y.), the same ploy was launched and rejected with Judge Berman

---

[3] *In re Oclaro, Inc. Derivative Litig.*, No. 11-cv-03176, 2011 WL 4345099, at *2 (N.D. Cal. Sept. 14, 2011).

[4] *In re Cendant Corp. Sec. Litig.*, 404 F.3d 173, 181 (3d Cir. 2005); *see also In re Oclaro*, 2011 WL at *2; *In re Auction Houses Antitrust Litig.*, No. 00-cv-00648, 2001 WL 210697, at *3 (S.D.N.Y. Feb. 26, 2001); *Sexton ex rel. Jones Soda Co. v. Van Stolk,* No. 07-cv-01782, 2008 WL 1733242, at *1 (W.D. Wash. Apr. 10, 2008).

[5] *See In Re: Pharmaceutical Industry Average Wholesale Price Litigation*, MDL No. 1456 (D. Mass.); *New England Carpenters Health Benefits Fund et al v. First DataBank, Inc. and McKesson Corp.*, Civil Action No. 05-cv-11148-PBS (D. Mass.).

May 5, 2017
Page 3

allowing the lead lawyers, including Hagens Berman, to frame the claims and defendants in the case. The same should be done here.

We believe that separation of claims against the PBM defendants and drug manufacturer defendants will best serve the interests of the class. As a result, we respectfully request that the Court bifurcate the claims against the two separate classes of defendants, and name Steve W. Berman of Hagens Berman Sobol Shapiro LLP and James E. Cecchi of Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C. as co-interim lead counsel for the drug manufacturer claims and Keller Rohrback as co-interim lead counsel for the PBM claims. These three firms will then work together to coordinate the two separate tracks, maximize opportunities for efficiency, but not consolidate them. We are eager to work cooperatively for the benefit of both the drug manufacturer class and the PBM class, but we submit that the WL-BD group's claim that the two tracks must be tried together is nothing more than a play to obtain lead-counsel. We believe our proposed division will best serve the interests of the class and allow the coordinated and efficient prosecution of all cases before the Court.

Thank you for your attention to this matter. If the Court has any questions, we are available at your convenience.

Respectfully submitted,

CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO

/s/ *James E. Cecchi*

JAMES E. CECCHI

cc:   Lois H. Goodman, U.S.M.J. (via ECF)
      All Counsel of Record (via email)